IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANK ROSSELLO | ) |
| | ) |
| v. | ) NO. 3-12-0493 |
| | ) JUDGE CAMPBELL |
| KELLY J. GILL, et al. | ) |

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 47). For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

In this stockholder action, Plaintiff Rossello alleges that Defendants breached their fiduciary duties to the holders of common stock of Advocat, Inc. by entrenching themselves in their positions as directors of the company and by refusing to engage in discussions about a potential acquisition of Advocat by Covington Investments, LLC ("Covington"). Plaintiff contends that Defendants' course of conduct amounts to a breach of their fiduciary duties to Plaintiff and other shareholders of Advocat.

Defendants have moved to dismiss Plaintiff's action, contending first that this Court lacks jurisdiction over Plaintiff's claim and, alternatively, that Plaintiff's Amended Complaint fails to state a claim for which relief may be granted.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## SUBJECT MATTER JURISDICTION

Plaintiff's Amended Complaint alleges that jurisdiction in this Court is based upon diversity of citizenship of the parties, which Defendants do not contest (Docket No. 51, n. 2), and the fact that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendants argue that Plaintiff has not satisfied the amount-in-controversy requirement because he has provided no factual support for his conclusory allegation that "the amount in controversy exceeds $75,000."

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996); *Chesney v. Tennessee Valley Authority*, 792 F.Supp.2d 579, 575 (E.D. Tenn. 2011).[1] If the defendants challenge the allegation that the amount in controversy is properly satisfied, the plaintiff must support his assertion with competent proof, which means proof to a

---

[1] The party invoking the jurisdiction of the Court carries the burden of proving that it exists. Thus, if Defendants had removed this action from state court, they would have the burden of proving jurisdiction. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

reasonable probability that jurisdiction exists. *Boone v. Comcast/Verizon*, 2011 WL 1258050 at * 4 (E.D. Tenn. March 31, 2011).

The Court must consider the amount alleged in the Complaint and not dismiss the case for lack of subject matter jurisdiction unless it appears to a legal certainty that the Plaintiff in good faith cannot claim the jurisdictional amount. *Charvat v. NMP, LLC*, 656 F.3d 440, 447 (6th Cir. 2011). Generally, the amount claimed by the plaintiff in the complaint rules, so long as it is claimed in good faith. *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009); *Sun Entertainment Corp. v. Music World Music, LLC*, 2012 WL 2812681 at * 4 (M.D. Tenn. July 10, 2012).

In the Amended Complaint (Docket No. 42), Plaintiff claims that Defendants' refusal to negotiate in good faith with Covington "is causing substantial harm to Advocat shareholders." Plaintiff alleges that Defendants have unfairly deprived Advocat shareholders of the ability to wage a proxy fight. Plaintiff maintains that Defendants' actions are preventing an open and fair process to maximize Advocat shareholder value. Plaintiff asserts that Defendants' actions have had a preclusive effect of preventing shareholders from making their own independent choices regarding Covington's offer; have dissuaded additional offers for Advocat; and have, thereby, damaged Advocat's shareholders. Plaintiff alleges that accepting the Covington deal would increase shareholder value. Plaintiff states that each Advocat shareholder has been damaged by no less than $2.14 per share. In his prayer for relief, Plaintiff seeks "appropriate compensatory damages." Plaintiff does not indicate how many shares he owns.

The parties disagree as to whether Plaintiff may aggregate the claims of putative class members to satisfy the amount-in-controversy requirement. To satisfy that requirement, at least one plaintiff's claim must independently meet the amount-in-controversy specification. *Everett v.*

3

*Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Only where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest may federal courts rely on the aggregate amount of these claims to satisfy this requirement. *Id*.

This is not a common fund case. Plaintiff has failed to show that the purported class members have a common and undivided interest in this action. For example, Plaintiff has pled that each shareholder is being harmed by a certain amount of money per share. The harm to one may be different than the harm to another.[2]

Even though Plaintiff has alleged generally that the value of his Advocat stock has been diminished by Defendants' actions, conspicuously absent from the Amended Complaint is the number of shares which Plaintiff owns. It could be simple to "do the math" had Plaintiff asserted the alleged diminution in value times the number of shares he owns. Plaintiff has not asserted sufficient facts to show that there is a reasonable probability that jurisdiction exists. Plaintiff has not sufficiently pled damages in an amount greater than $75,000.

Plaintiff also argues that the injunctive relief requested satisfies the amount-in-controversy. The costs of complying with an injunction may establish the amount in controversy for diversity jurisdiction. *Everett*, 460 F.3d at 829. The problem is how to calculate the cost of complying with any injunction.

Here, the injunctive relief requested by Plaintiff is to enjoin Defendants from placing their own interests ahead of those of Advocat and its shareholders and from initializing any defensive

---

[2] The point of the "common fund exception" is not to permit plaintiffs to aggregate their claims whenever they share a proprietary interest in the proceeds of litigation; it is to permit them to aggregate their claims when they jointly own or have an undivided interest in property at issue in the litigation. *Everett*, 460 F.3d at 824.

4

measure which may render the acquisition of Advocat unduly burdensome or expensive for a potential acquirer. Docket No. 42. Plaintiff does not ascribe a monetary cost or a benefit to this equitable relief. Nor can the Court speculate about what the requested relief may be worth.

Accordingly, Defendants' Motion to Dismiss for lack of subject matter jurisdiction is GRANTED, and this action is DISMISSED. Having no jurisdiction, the Court need not reach the arguments concerning failure to state a claim.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE